SCHROEDER, APPELLANT, *v.*
SCHROEDER, APPELLEE.

(No. 12-87-7—Decided
August 25, 1988.)

*John Robenalt,* for appellant.
*Lawrence Minnard,* for appellee.

MCBRIDE, J. This appeal from the Court of Common Pleas of Putnam County by Daniel A. Schroeder is from a post-divorce decree in favor of Elizabeth C. Schroeder, appellant's former wife.

This proceeding began after the divorce and after the division of the marital property on a motion for accounting for half the net profit from

the sale of growing crops, as previously ordered. The evidence developed into a contest for Agricultural Stabilization and Conservation Service ("ASCS") payments for not growing crops. Such payments had not been disclosed or reported to the trial court at the time of the divorce.

The trial court found the net value of the growing crops to be $11,057.64 and awarded one half, or $5,528.82, to Elizabeth C. Schroeder. In addition, in its opinion the trial court found that:

"During the hearing of this motion it was brought to the Court's attention that Plaintiff had received from A.S.C.S. and will receive additional benefits for 1986. These payments were never brought to the attention of the Court during the divorce proceedings and remain undivided assets. Therefore the Court orders that Plaintiff pay one-half of these payments to Defendant."

The value of one-half of the ASCS payments for not growing crops was determined to be $4,453.28. Added to the finding for half the net for growing crops, judgment was awarded for $9,982.10.

We are presented with two factual problems: (1) the value of the net proceeds from the harvest of growing crops as requested in the motion for an accounting, and (2) the award of $4,453.28 for half the ASCS payments. The latter were not requested in the motion of the appellee for accounting and were first disclosed at the hearing of such motion.

Since the proceedings were after the filing of the decree of divorce and the division of the property, it is necessary to review the original entry of the trial court as applicable to the instant appeal.

The divorce decree provided, in part:

To the appellee: "IT IS FURTHER ORDERED that defendant be and hereby is awarded the following property, free and clear of any claim of the plaintiff." (Then follows a list of real and personal property, then:) "* * * and one-half (½) of the net proceeds of the growing crops."

To the appellant: "IT IS FURTHER ORDERED that all of the balance of the property is awarded to the plaintiff, free and clear of any claim of defendant.

"IT IS FURTHER ORDERED that plaintiff shall assume and pay the following debts and save defendant harmless from the same:

| Production Credit | $13,000 |
| Land contract | 6,000 |
| Farm Expenses | 7,000 |
| Total | $26,000" |

This judgment was not appealed. The appellee received specific property and the appellant all the unidentified balance. Both awards were free and clear of any claim of the other. At this point, we refrain from underscoring "debts" and "farm expenses" in the third paragraph above, words which set the stage on the issue of the net proceeds of the growing crops, the gross value of which was undisputed as $21,191.

The record of the testimony at the time of the original decree and distribution is not before this court. The only testimony available is that on the motion for accounting on the division of the net proceeds of crops growing at the time of the divorce and distribution. At this hearing it developed that the ASCS payments for idle land were not reported to or considered by the trial court at the time of the division. Evidence was introduced as to the nature and amount of such payments, and the issue submitted whether they, too, should be divided as an undisclosed asset or be passed to the appellee under the "all the balance" of the property clause in the decree, which property, while not iden-

tified, included real and personal property.

Appellant assigns the following as error:

"1. The decision of the court rendered on the defendant appellee's motion for accounting in awarding certain property to defendant appellee was against the weight of the evidence and should be reversed.

"2. The decision of the court rendered on the defendant appellee's motion for accounting improperly modified its former order as journalized in the divorce action and should be reversed."

The first assignment of error relates to the refusal of the court to allow $7,137, claimed by appellant as an expense for his labor in harvesting the growing crops. No charge for labor was made by the court against the gross profit from the sale of grain. As we view this question, the issue is one of an interpretation of the entry of distribution rather than the weight of the testimony at the hearing on the motion. In the light of the facts developed on the motion, the language of the third paragraph — mentioned earlier — requiring appellant to pay "debts" and save the appellee harmless from "farm expenses" in the amount of $7,000 is vague, depending upon one's view of what should appear in the testimony at the first hearing, which is not in the record on this appeal.

A debt is an existing obligation and should have been identified. "Farm expenses" is a broad description of a multitude of possible items.

We recognize that an entry of distribution in a divorce proceeding has a purpose of its own and that such purpose must be considered; that purpose is to terminate a relationship, not to begin one as in an ordinary contract. Construing the "farm expense" language along with that in the award to the appellee, the appellee was to receive one-half the net proceeds of the growing crops *"free and clear of any claim"* of the appellant. Growing crops must be harvested and this was obvious when the distribution of property was made. Appellant performed these duties and asserted a claim primarily for labor.

Appellee argued that since appellant employed no one else to harvest the crops, his own services were not an expense for income tax purposes. The IRS regulations are not relevant. The government has no interest other than knowing who received what taxable income. The regulations do not control the division of marital assets in a divorce decree.

The planting of the crops involved labor and expense which created a marital asset which existed prior to the termination of the marriage. It is hard to believe that a spouse may be awarded money for services performed prior to dissolution. However, there remained the necessity to harvest the crops when they matured. Under these circumstances it ‘follows that after making an allowance in the division for "farm expenses" and providing that half the net proceeds be awarded to the appellee free and clear of any claim of appellant, the appellant was to save the appellee harmless from the expenses incident to such future operation as was necessary to harvest the crops and produce the cash asset from which the division was to be made.

We are not provided the testimony introduced when the original division was made. The same trial judge presided at both hearings. No one was, or is, in a better position than he to determine what that testimony was and to construe the language he used to accomplish a fair and equitable division of marital property.

In its opinion filed March 25, 1987, the trial court found that in the distribution it ordered appellant to assume and pay farm expenses of

$7,000 and that the appellee receive one half the proceeds of the growing crops. The appellant received the benefit of that sum when the court ordered the distribution and, continued the trial court, to allow a credit again would give the benefit of the farm expenses twice. The court pointed out that at the time of the division of property, the only outstanding "farm expenses" were the harvesting of the growing crops and hauling to market.

The expenses incidental to the termination of the marital farm operation having been allowed in the division of marital assets, it would be a duplication to charge such expenses again in determining net profit.

The first assignment of error is that the judgment on the accounting was contrary to the weight of the evidence. We do not agree. The evidence, including the original decree, supports the conclusion of the trial court. This court does not have the benefit of the evidence upon which the division of the marital property was made, nor of the evidence upon which the $7,000 for "farm expenses" was awarded.

The first assignment of error is denied.

In the second assignment of error the appellant claims that the trial court improperly modified its original and final order for the distribution of the marital property.

It is undisputed that the ASCS payments for *not* growing crops were not reported to the court by either party when the division was made.

The language of the order for equal distribution of the marital property is unique. It has the form of a testamentary gift of residual property, awarding to appellant all of the balance of the marital property free and clear of any claim of the appellee. This form is not to be encouraged. It prevents anyone from knowing what was awarded under the residual clause. On review, in the absence of the complete record, it prevents this court from knowing what was available for distribution.

Under the circumstances in this case, the presumption of accuracy of the current judgment of the trial court prevails for lack of evidence to the contrary.

We conclude that the ASCS payments were undisclosed property and were never a part of the fair and equitable division intended. They did not pass to appellant under the catch-all language of the entry of distribution. Any other conclusion under the circumstances of this case would encourage deceit and would promote divisions of marital property that are not fair and equitable. Both parties were aware or should have been aware of these ASCS payments and neither reported them for disposition in the divorce proceedings. While this suggests at least mistake or neglect, it does not mean that the oversight cannot be corrected.

The situation is not one of an amendment to a final order, but a correction of a mistake brought on by the parties and of a supplement to divide additional property not awarded to anyone in the original distribution of marital property. The court could not divide that which it never knew existed. A residual clause appearing in a divorce decree does not dispose of anything overlooked or otherwise omitted, as in a will, to the detriment of the other spouse. A catchall for undisclosed marital assets is in stark opposition to the purpose of a clear and complete disposition of marital assets in a divorce proceeding in a fair and equitable manner.

While the motion for accounting had a limited purpose, it triggered testimony which developed the second issue, which was submitted to the trial court and was resolved. Whatever technical procedural irregularity which

may have existed was waived when the conflicting claims to the omitted asset were presented to the trial court.

The second assignment of error is without merit.

The judgment will be affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.

ROBERT L. MCBRIDE, J., retired, of the Second Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.