**CHERRY, f.k.a. FIGART, Appellee,**

v.

**FIGART, Appellant.**

[Cite as *Cherry v. Figart* (1993), 86 Ohio App.3d 123.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–08–083.

Decided Feb. 1, 1993.

*Jeffrey S. Schwartz,* for appellee.

*Armin Frank,* for appellant.

Per Curiam.

Appellant, Roger Edwin Figart, appeals a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, granting a motion filed by appellee, Donna Lynn (Figart) Cherry, to "amend" the provisions of the parties' decree of dissolution.

The parties' marriage was dissolved on May 9, 1983. The decree expressly stated that it incorporated the provisions of a separation agreement. The separation agreement provided in pertinent part:

"The parties were married for Fifteen (15) years, during which time the husband was in the active service of the United States Armed Forces. Should the husband qualify for military retirement pay upon his release from active service, the wife shall receive that share of said military retirement pay to which she is legally entitled and determined at the time of the husbands [*sic* ] retirement."

Appellant retired in June 1991, after twenty-two years of service. On January 17, 1992, appellee filed a motion to "amend" the decree asking the court to award to her her share of appellant's military pension. In a subsequent memorandum to the court, appellee acknowledged that she was not really asking for a modification of the decree, but for the provisions of the decree to be enforced. Appellant claimed that the court lacked jurisdiction to modify the provisions of the decree.

On May 1, 1992, the referee filed a report in which she recommended that appellee's motion be overruled. The referee concluded that a court cannot retain jurisdiction to divide a party's retirement plan when that party is not vested at the time of the hearing, relying on this court's decision in *King v. King* (1992), 78 Ohio App.3d 599, 605 N.E.2d 970. Appellee filed objections to the referee's report. The trial court found *King* to be distinguishable. It held that appellee

was entitled to one-half of fifteen twenty-seconds of appellant's military retirement pay. This appeal followed.

Appellant presents two assignments of error for review. In his first assignment of error, appellant states that the trial court erred in assuming jurisdiction over appellee's motion to amend the decree. Appellant argues that the decree contains no express reservation of jurisdiction to modify. He also argues that since his military pension was not vested at the time of the dissolution, pursuant to *King, supra,* the court did not have jurisdiction to amend the decree after the vesting of benefits. We find this assignment of error is not well taken.

A court does not have jurisdiction to modify the terms of a property division set forth in a separation agreement by the parties to a dissolution absent an express reservation of jurisdiction. *Colley v. Colley* (1989), 43 Ohio St.3d 87, 89–90, 538 N.E.2d 410, 411–412; *Linehan v. Linehan* (1986), 34 Ohio App.3d 124, 125, 517 N.E.2d 967, 968; R.C. 3105.65(B). However, despite the unfortunate labeling of appellee's motion, she did not seek to amend the provisions of the decree regarding appellant's retirement benefits, but merely to enforce the agreement of the parties. The trial court has "full power" to enforce the provisions of a separation agreement which has been incorporated into a decree of dissolution. *In re Dissolution of Marriage of Seders* (1987), 42 Ohio App.3d 155, 156–157, 536 N.E.2d 1190, 1192–1193; R.C. 3105.65(B).[1]

Appellant also relies on *King, supra,* in arguing that the court lacked jurisdiction. *King* involved a direct appeal from a divorce decree. The husband, a career army officer, testified that he was not entitled to participate in his retirement plan until he had completed twenty years of active duty. At the time of trial, he had completed eleven years of active duty. The trial court reserved jurisdiction over the husband's potential retirement benefits and awarded the wife one-half of all the husband's retirement benefits earned during the marriage should he complete his military career. This court held that the trial court abused its discretion by reserving jurisdiction over the husband's retirement plan in which he was not yet vested, stating that the husband's interest in the plan was far too speculative to justify the continued entanglement of the parties.

---

1. In the present case, the decree expressly states that the separation agreement is incorporated into the decree. However, the separation agreement states that while it will be incorporated into the decree, "not withstanding such incorporation, this agreement shall not be merged in such decree." If the terms of the separation agreement are incorporated into a decree, the agreement merges into the decree and no longer exists as an independent contract. Its terms will therefore be enforced as part of the decree. *Greiner v. Greiner* (1979), 61 Ohio App.2d 88, 95–96, 15 O.O.3d 95, 99–101, 399 N.E.2d 571, 575–577. It is our view that the language of the decree controls. Therefore, the separation agreement is incorporated into the decree and may be enforced as part of the decree.

■ We find *King* to be distinguishable from the present case because *King* involved a direct appeal from a divorce decree. The present case involves a motion to enforce the provisions of the separation agreement incorporated into a dissolution decree. The parties did not appeal the decree. Therefore, it is final and binding and is *res judicata* on the issue of property division. See *Sturgill v. Sturgill* (1989), 61 Ohio App.3d 94, 101, 572 N.E.2d 178, 181.

Further, *King* does not stand for the proposition that the parties cannot agree that one spouse will share in the other spouse's retirement plan which is not vested at the time of the agreement. "[M]utual consent is the cornerstone of Ohio's dissolution law." *Colley, supra,* 43 Ohio St.3d at 88, 538 N.E.2d at 410. The parties agreed that appellee was entitled to a share of appellant's retirement benefits. The provision in the separation agreement was prospective; it acknowledged that the pension had not yet vested, and anticipated that appellee would be entitled to a fair distribution upon appellant's retirement. Appellant had already completed three-fourths of the years of service required to become vested, and the parties did not consider the value of those benefits to be speculative. As the trial court stated, "reserving jurisdiction and determining the parties' proportionate shares upon [appellant's] retirement is consistent with the interest of the parties at the time the Separation Agreement was executed." Accordingly, we find that the trial court did not err in assuming jurisdiction over appellee's motion, and appellant's first assignment of error is overruled.

■ In his second assignment of error, appellant states that even assuming the trial court had jurisdiction, it abused its discretion in not conducting an evidentiary hearing regarding the parties' assets. Appellant argues that the trial court did not take into account the parties' financial situations and the value of the pension, but merely applied a mechanistic formula. We find this assignment of error is not well taken.

Appellee filed the present action to enforce the provisions of the dissolution decree regarding appellant's retirement benefits. Evidence as to any of the parties' other assets is irrelevant, since all of the property was divided by agreement in 1983.

In *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177, 183, 559 N.E.2d 1292, 1298, the supreme court calculated the value of the wife's share in the husband's pension plan using "the ratio of the number of years of the employed spouse's employment during the marriage to the total number of years of his or her employment." In the present case, appellant was in the military for the entire fifteen years the parties were married. He retired after twenty-two years of service. Therefore, the trial court properly determined that appellee's share of appellant's military retirement is one-half of fifteen twenty-seconds of the benefits. No

further evidence was required. Accordingly, appellant's second assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., KOEHLER and WALSH, JJ., concur.