OPINION
{¶ 1} Plaintiff-appellant, Daniel H. Robins, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which that court granted the "Motion for Clarifying Order and Motion to Set Aside the Agreed Judgment Entry Decree of Divorce Pursuant to Rule 60(B)" that was filed by defendant-appellee, Donna L. Robins.
 {¶ 2} The parties to this appeal were married on July 2, 1966. On September 10, 1985, the parties were divorced pursuant to an Agreed Judgment Entry — Decree of Divorce that incorporated, both expressly and by reference, the provisions of a memorandum of agreement entered into by the parties at the time of trial. Appellant had been a member of the armed forces for approximately 18 years during the marriage, and remained so at the time of the divorce and for several years thereafter. However, at the time of the divorce, appellant did not yet qualify to receive military retirement benefits because he had not yet completed 20 years of creditable military service.
 {¶ 3} In Paragraph "E" of the Agreed Judgment Entry — Decree of Divorce, the court stated that the parties' agreement "provide[ed] for child custody, child support, visitation, division of property, payment of debts and all other matters arising out of the marriage, which the court finds to be fair, equitable and just to both parties, and which the court approves and makes a part of this decree."
 {¶ 4} Subparagraph (j) of the Agreed Judgment Entry — Decree of Divorce contains specific provisions concerning the disposition of appellant's pension, profit sharing plan, stock and stock options, as well as the parties' IRAs, but makes no express disposition of appellant's military retirement benefits Specifically, that subparagraph of the Agreed Judgment Entry — Decree of Divorce states:
Defendant shall release any claim she may have in plaintiff's pension and profit sharing plan, stock and stock options. The IRA accounts shall be divided equally between the parties. The defendant does not release any interest she may have in the plaintiff's military retirement benefits.
 {¶ 5} The Agreed Judgment Entry — Decree of Divorce contains other provisions that divide the remainder of the marital property, including the marital residence, interests in rental properties, vehicles, and household goods. The decree contains no express reservation of jurisdiction to modify any of the terms of the parties' division of marital property.
 {¶ 6} On July 7, 2004, appellee filed her "Motion for Clarifying Order and Motion to Set Aside the Agreed Judgment Entry Decree of Divorce Pursuant to Rule 60(B)." On July 19, 2004, appellant filed a memorandum in opposition to said motion. On October 4, 2004, the trial court issued a judgment entry granting the motion and awarding to appellee, "one-half (1/2) of all military retirement benefits earned during the marriage, or from July 2, 1966, to August 13, 1985." The trial court relied upon R.C. 3105.89, which provides:
Notwithstanding division (I) of section 3105.171 [3105.17.1] of the Revised Code:
(A) The court shall retain jurisdiction to modify, supervise, or enforce the implementation of an order described in section 3105.81 of the Revised Code.
(B) The court may modify an order issued under section 3105.171
[3105.17.1] or 3105.65 of the Revised Code that was effective prior to the effective date of this section for the purpose of enforcing the order or carrying into effect the manifest intentions of the parties. A modified order must meet the requirements of section 3105.82 of the Revised Code.
 {¶ 7} The trial court determined that R.C. 3105.89(B) conferred upon it jurisdiction to enforce the parties' agreement, and found "that the language at issue in the parties' Agreed Judgment Entry Decree of Divorce evidences an agreed intention to divide Plaintiff's military retirement benefits when the issue became ripe. To read the language otherwise would be inequitable to Defendant." (Judgment Entry, at 3.)
 {¶ 8} On appeal, appellant advances three assignments of error for our review, as follows:
 ASSIGNMENT OF ERROR NO. 1
THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS ISSUANCE OF A JUDGMENT ENTRY ON OCTOBER 4, 2004, MODIFYING THE PROPERTY DIVISION SET FORTH IN THE AGREED JUDGEMENT [SIC] ENTRY DECREE OF DIVORCE WITHOUT HAVING PROPERLY RETAINED JURISDICTION AND AWARDING DEFENDANT ONE-HALF OF PLAINTIFF'S MILITARY RETIREMENT BENEFITS EARING [SIC] THE MARRIAGE.
 ASSIGNMENT OF ERROR NO. 2
THE COURT ERRONEOUSLY RELIED ON ITS OWN MISINTERPRETATION OF CASE LAW RATHER THAN THE UNIFORMED SERVICES FORMER SPOUSES' PROTECTION ACT,10 USC SECTION 1408, WHEN IT AWARDED APPELLEE ONE-HALF OF APPELLANT'S MILITARY RETIREMENT BENEFITS.
 ASSIGNMENT OF ERROR NO. 3
EVEN IF THE COURT BELIEVES THE TRIAL COURT HAD CONTINUING JURISDICTION TO MODIFY THE DIVISION OF MARITAL PROPERTY, IT CLEARLY COMMITTED REVERSABLE [SIC] ERROR, BY ARBITRARILY DIVIDING THE MILITARY RETIREMENT BENEFITS IN HALF.
 {¶ 9} We begin with appellant's first assignment of error, which is dispositive. In support thereof, appellant argues that the trial court lacked jurisdiction to modify the terms of the Agreed Judgment Entry — Decree of Divorce concerning the division of marital assets. He argues that the modification is statutorily forbidden absent language in the decree expressly retaining jurisdiction to do so. Such language, he points out, is missing from the decree.
 {¶ 10} In response, appellee argues that the decree is ambiguous with respect to the precise manner of division of appellant's military pension, but that the decree does evidence an intention by the parties to divide the marital portion of this pension, and includes an express reservation of appellee's right to obtain her equitable portion of same. According to appellee, the trial court merely interpreted and clarified the Agreed Judgment Entry — Decree of Divorce for the purpose of enforcing it, and did not impermissibly modify it.
 {¶ 11} Initially, we note that pension or retirement benefits accumulated during a marriage are subject to property division in a divorce proceeding. R.C. 3105.171(I); Erb v. Erb (1996), 75 Ohio St.3d 18,20, 661 N.E.2d 175. But a division of marital property is not subject to modification through the continuing jurisdiction of the court. Wolfe v.Wolfe (1976), 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413; Bean v.Bean (1983), 14 Ohio App.3d 358, 361-362, 14 OBR 462, 471 N.E.2d 785. Thus, a domestic relations court lacks continuing jurisdiction to modify a division of pension or retirement benefits. Put another way, "a court has control over the division of property at the time of the divorce decree, but not thereafter." Thomas v. Thomas (Apr. 26, 2001), 10th
Dist. No. 00AP-541, 2001 Ohio App. LEXIS 1883, at *9.
 {¶ 12} Nevertheless, in a case where a pension or retirement benefit is vested but unmatured at the time of issuance of the final divorce decree, a court may reserve continuing jurisdiction over the distribution of this asset. Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 182,559 N.E.2d 1292. But failure to reserve jurisdiction deprives the trial court of the ability to modify any award of pension benefits in the decree of divorce or dissolution. Schrader v. Schrader (1995),108 Ohio App. 3d 25, 28, 669 N.E.2d 878. In such an instance, the court is without subject matter jurisdiction to modify the award of pension benefits and thus has no power to act in this regard.
 {¶ 13} However, a trial court always retains the power to enforce the provisions of a divorce decree. R.C. 3105.89; Cherry v. Figart (1993),86 Ohio App.3d 123, 126, 620 N.E.2d 174. If the parties dispute, in good faith, the meaning of a provision in a decree, or if the provision is ambiguous, the trial court has the power to hear the matter, to resolve the dispute, and to enforce the decree. Evans v. Evans, 4th
Dist. No. 02CA2869, 2003-Ohio-4674, citing Quisenberry v. Quisenberry
(1993), 91 Ohio App.3d 341, 348, 632 N.E.2d 916.
 {¶ 14} When a decree contains terms ordered by the trial court and not reached by agreement of the parties, a determination that such a decree is or is not ambiguous will be overturned on appeal only if the trial court abused its discretion. Quisenberry, supra, at 348; Bond v. Bond
(1990), 69 Ohio App.3d 225, 228, 590 N.E.2d 348. However, when interpreting a divorce decree that incorporates the parties' separation agreement, as does the decree involved in the present case, the normal rules of contract interpretation generally apply to ascertain the meaning of its language. Ibid.; Monfredo v. Hillman, 4th Dist. No. 02CA13, 2003-Ohio-1151, ¶ 9; Keeley v. Keeley (July 21, 1997), 12th Dist. No. CA-97-02-013; Scott v. Scott (Apr. 29, 1994), 6th Dist. No. L-93-251. Because the construction of a written contract is a matter of law, the same is reviewed without deference to the trial court's determination.Alexander v. Buckeye Pipeline Co. (1978), 53 Ohio St.2d 241, 7 O.O.3d 403,374 N.E.2d 146, paragraph one of the syllabus.
 {¶ 15} When construing contract language, the principal goal is to effectuate the parties' intent. In re all Kelley Ferraro AsbestosCases, 104 Ohio St.3d 605, 2004-Ohio-7104, 821 N.E.2d 159, ¶ 29;Employers' Liability Assurance Corp. v. Roehm (1919), 99 Ohio St. 343,124 N.E. 223, syllabus. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement."Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, 31 OBR 289,509 N.E.2d 411, at paragraph one of the syllabus. Moreover, when the parties' agreement is integrated into an unambiguous, written contract, courts should give effect to the plain meaning of the parties' expressed intentions. Aultman Hosp. Assn. v. Community Mut. Ins. Co. (1989),46 Ohio St.3d 51, 544 N.E.2d 920, syllabus. Intentions that are not expressed in the writing are "deemed to have no existence." Id., at 53, citing Charles A. Burton, Inc. v. Durkee (1952), 158 Ohio St. 313,49 O.O. 174, 109 N.E.2d 265, at paragraph two of the syllabus.
 {¶ 16} We have reviewed the entire agreement of the parties that was memorialized in the trial court's decree, and find the same to be clear and unambiguous. Where the parties intended to accomplish division of other items of marital property, they did so explicitly. The fact that they chose not to include any specific term with respect to the contemporaneous or future division of appellant's military retirement benefits evidences not confusion or ambiguity, but a clear intention not to include such a term.
 {¶ 17} In our view, the purpose for the inclusion of the language stating that appellee "does not release any interest she may have" in appellant's military retirement benefits is clear. Without this sentence, the plan administrator and/or appellant's estate representative, for instance, might view the immediately preceding sentence as a release by appellee of all claims to any of appellant's retirement-related benefits including his military benefits, in the event that appellee had later chosen to seek extrajudicial access to survivor's benefits for herself or her then-minor children, or to other types of military retirement benefits, as an alternate payee.
 {¶ 18} However, the decree is not ambiguous simply because the parties failed to make provision for the use of a formula for future division of the marital portion of these benefits, or for the express reservation of jurisdiction in the trial court to order such division upon appellant reaching his 20-year service milestone. The fact remains that the parties could have done so, just as they had made express provision for the division of other marital property. The fact that they did not do so does not give rise to an ambiguity. But in adding such a provision some 20 years later, the trial court impermissibly modified the parties' property settlement, and did not merely clarify, interpret or enforce it. SeeThomas, supra, at *14-15.
 {¶ 19} It is notable that the trial court itself made no finding that the decree was ambiguous; rather, the trial court found that the decree clearly "evidences an agreed intention to divide Plaintiff's military retirement benefits when the issue became ripe." The court also found that, "[t]o read the language otherwise would be inequitable to Defendant." But "perceived inequity * * * [is] irrelevant to the issue of whether the terms of the decree are ambiguous." Thomas, supra, at *13. "[A] party is not entitled to a modification of a property division because he or she later wants something more than what he or she received." Id. at *13, citing George v. George (Sept. 23, 1998), 9th
Dist. No. 18866. Similarly, "[w]here a contract is plain and unambiguous as herein, it does not become ambiguous by reason of the fact that in its operation it may work a hardship upon one of the parties." Aultman Hosp.Assn., supra, at 55, citing Ohio Crane Co. v. Hicks (1924),110 Ohio St. 168, 172, 143 N.E. 388.
 {¶ 20} The trial court clearly exceeded the bounds of its subject matter jurisdiction when it modified the division of the parties' marital assets, when the decree contained no reservation of continuing jurisdiction over the military retirement benefits, that would permit such a modification. For that reason, appellant's first assignment of error is sustained.
 {¶ 21} Because we have sustained appellants' first assignment of error and must, therefore, vacate the trial court's October 4, 2004 judgment entry, we find that appellant's second and third assignments of error are moot and decline to address the same.
 {¶ 22} In summary, appellant's first assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is hereby vacated.
Judgment vacated.
McGrath and Deshler, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.