OPINION
{¶ 1} Defendant-appellant Sally Jane Wallace (hereinafter "Sally") appeals from a November 6, 2006, Judgment Entry of the Greene County Court of Common Pleas, Domestic Relations Division, in which the trial court held that Sally's pension was to be divided by the coverture fraction method when she chose to retire and claim those benefits. Sally filed a timely *Page 2 
notice of appeal with this Court on November 28, 2006.
 I {¶ 2} Sally and plaintiff-appellee Sam K. Wallace (hereinafter "Sam") were married on December 23, 1967, in Dayton, Ohio. Two children were born of the marriage: Rebekah J. Carroll, born July 14, 1976, and Joshua M. Wallace, born December 5, 1981. On September 11, 1998, Sam filed a complaint for divorce.
 {¶ 3} The parties were granted a Judgment and Final Decree of Divorce on May 27, 1999, after a trial to a magistrate. The decree incorporated the magistrate's decision filed on April 21, 1999. Neither Sam nor Sally objected to the magistrate's decision. At issue in the instant appeal is that portion of the divorce decree which awards Sam a significant share of Sally's State Teacher Retirement System pension ("STRS pension").
 {¶ 4} On April 3, 2006, Sam filed a motion for a post decree order in which he requested that the trial court issue the appropriate orders and prepare a QDRO to protect his interest in Sally's STRS pension. In response to Sam's motion, Sally filed a motion to dismiss in which she alleged that the trial court lacked jurisdiction to issue any orders protecting Sam's interest in her STRS pension.
 {¶ 5} On June 27, 2006, the trial court overruled Sally's motion to dismiss and ordered the parties to submit briefs as to whether the divorce decree (with the incorporated decision of the magistrate) provided for a "marital coverture fraction" approach or a "frozen benefit" approach as a means by which to divide Sally's STRS pension upon her eventual retirement. On November 6, 2006, the trial court ordered that the marital coverture fraction approach be utilized in order to divide Sally's STRS pension. *Page 3 
 {¶ 6} It is from this judgment that Sally now appeals. II {¶ 7} Sally's first assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT'S FAILURE TO GRANT APPELLANT'S MOTION TO DISMISS WAS AN ABUSE OF DISCRETION"
 {¶ 9} In her first assignment, Sally contends that the trial court erred when it overruled her motion to dismiss and held that it has continuing jurisdiction to modify and otherwise determine the manner of distribution of the vested, but unmatured pension benefit. Sally relies on the following unambiguous language from the divorce decree which she argues clearly demonstrates that while the trial court properly reserved jurisdiction to address the manner in which the benefits from Sally's STRS pension would be distributed, the court would only regain jurisdiction to address the issue when the STRS fund matured or became payable upon Sally's retirement:
 {¶ 10} "IT IS FURTHER ORDERED that the Court specifically retains jurisdiction to issue orders with respect to the relative share of the parties' interest in the retirement of the other at the time of suchdistribution, when the retirement benefits of the parties are in payoutstatus; and, furthermore, to set the respective monthly entitlement of each party to the pension and retirement benefits of the other consistent with the magistrate's decision and order filed April 21, 1999, based upon the interest of each party in the retirement and pension of the other as set forth in that decision." (Emphasis added).
 {¶ 11} Pension or retirement benefits accumulated during a marriage are subject to property division in a divorce proceeding. R.C. §3105.171(I); Erb v. Erb (1996), *Page 4 75 Ohio St.3d 18, 20, 661 N.E.2d 175. In a case where a pension or retirement benefit is vested but unmatured at the time of issuance of the final divorce decree, a court may reserve continuing jurisdiction over the distribution of this asset. Hoyt v. Hoyt (1990), 53 Ohio St.3d 170 182,559 N.E.2d 1292. The court's continuing jurisdiction, however, is limited by the unambiguous language used in the decree with respect to the manner in which the benefits are divided. Schrader v. Schrader
(1995), 108 Ohio App.3d 25, 669 N.E.2d 878.
 {¶ 12} When interpreting a divorce decree that incorporates the parties' separation agreement, as does the decree involved in the present case, the normal rules of contract interpretation generally apply to ascertain the meaning of its language. Robins v. Robins (Sep. 22, 2005), Franklin App. No. 04AP-1152, 2005-Ohio-4969. Because the construction of a written contract is a matter of law, the same is reviewed without deference to the trial court's determination.Alexander v. Buckeye Pipeline Co. (1978), 53 Ohio St.2d 241,374 N.E.2d 146, ¶ 1 of the syllabus.
 {¶ 13} "When construing contract language, the principal goal is to effectuate the parties' intent. In re all Kelley Ferraro AsbestosCases (2004), 104 Ohio St.3d 605, 821 N.E.2d 159, ¶ 29, 2004-Ohio-7104;Employers' Liability Assurance Corp. V. Roehm (1919), 99 Ohio St. 343,124 N.E. 223, syllabus. `The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement.' Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130,509 N.E.2d 411, ¶ 1 of the syllabus. * * *, when the parties' agreement is integrated into an unambiguous, written contract, courts should give effect to the plain meaning of the parties' expressed intentions.Aultman Hosp. Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51,544 N.E.2d 920." Robins, supra. *Page 5 
 {¶ 14} In the instant case, we have reviewed the relevant portions of the divorce decree, as well as the magistrate's decision whose terms were incorporated into the decree, and we conclude that the trial court erred when it overruled Sally's motion to dismiss. Sam contends, and we agree, that the trial court specifically reserved jurisdiction in this case to issue orders concerning the distribution of Sally's retirement benefits. However, the clear and unambiguous terms of the divorce decree mandate that such orders be made only when the retirement benefits of the parties are in payout status. It is undisputed that neither parties' retirement benefits, since the inception of this appeal, have entered their distributional phase. Thus, the trial court's decision ordering Sally to cooperate in the preparation of a QDRO in order to protect Sam's interest in her retirement benefits, as well as its decision that Sally's pension was to be divided by the coverture fraction method when she chose to retire and claim those benefits, was made prematurely and without the proper subject matter jurisdiction. In its judgment entry overruling Sally's motion to dismiss, the trial court concedes that the language in the divorce decree "seems to indicate" that it would have jurisdiction to issue orders concerning the distribution of the parties' retirement benefits only upon said benefits achieving payout status. While we agree that the parties' retirement benefits were properly determined to be marital assets, and therefore subject to property division in their divorce proceeding, we cannot ignore the express, unambiguous language in the divorce decree which mandates that any further orders regarding the distribution of Sally's STRS benefits be made when the benefits achieve payout status.
 {¶ 15} Sally's first assignment of error is sustained.
 III {¶ 16} Sally's second assignment of error is as follows: *Page 6 
 {¶ 17} "THE TRIAL COURT ABUSED ITS DISCRETION BY INTERPRETING THE LANGUAGE IN THE DECREE AS AWARDING AN INTEREST TO APPELLEE IN APPELLANT'S PENSION USING A MARITAL COVERTURE APPROACH."
 {¶ 18} In light of our ruling with respect to Sally's first assignment, her second assignment is rendered moot. The trial court's decision ordering Sally to cooperate in the preparation of a QDRO in order to protect Sam's interest in her retirement benefits, as well as its decision that Sally's pension was to be divided by the coverture fraction method when she chose to retire and claim those benefits was made without the proper subj ect matter jurisdiction and is, therefore, vacated.
 IV {¶ 19} Sally's first assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this opinion.
 WOLFF, P.J. and BROGAN, J., concur. *Page 1