[Cite as *Meyers v. Meyers*, 2011-Ohio-5968.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

DAVID A. MEYERS                          :

    Plaintiff-Appellant              :         C.A. CASE NO. 2011 CA 9

v.                                       :         T.C. NO.    98DR423

KIMBERLY A. MEYERS                       :            (Civil appeal from Common
                                 Pleas Court, Domestic Relations)
    Defendant-Appellee              :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___18th___ day of ___November___, 2011.

. . . . . . . . . .

RICHARD HEMPFLING, Atty. Reg. No. 0029986, 15 West Fourth Street, Suite 100, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellant

JENNIFER L. BROGAN, Atty. Reg. No. 0075558 and KIRSTIE N. YOUNG, Atty. Reg. No. 0084007, 400 PNC Center, 6 North Main Street, Dayton, Ohio 45402
        Attorneys for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of David Meyers, filed February 4, 2011. Meyers appeals from the January 6, 2011 Judgment Entry of the domestic relations court which approved and adopted the September 30, 2010 Magistrate's

Decision and Order recommending that the court find David in contempt, for failing to pay taxes, and sentence him to 30 days in jail.

{¶ 2} David and Kimberly Meyers were married in October, 1984, and they were divorced in March, 2003. On February 24, 2010, Kimberly filed a "Motion for Order to Show Cause," in which she asserted that David failed to comply with the parties' Final Judgment and Decree of Divorce, which required him to assume responsibility for the payment of taxes associated with the parties' 1993 tax audit. David filed a Motion to Dismiss, and the trial court conducted a hearing on July 26, 2010.

{¶ 3} The provision at issue in the parties' final decree provides as follows:

{¶ 4} "4. TAX MATTERS

{¶ 5} "With respect to the 1993 tax audit, the Plaintiff shall assume responsibility for the payment of all of the taxes, interest and penalties associated therewith. The Plaintiff shall pay them as they become due and he shall hold the Defendant blameless and harmless thereon. Further, the Plaintiff shall pay all of the taxes, interest and penalties due to the federal government with respect to said audit within three years. The Defendant shall not make any contribution toward the payment of any litigation costs associated with the IRS debt.

{¶ 6} "With respect to all other remaining tax years, each party shall be responsible for his or her own taxes, interest and/or penalties, and shall hold the other harmless and blameless from the same."

{¶ 7} At the hearing, Kimberly, appearing pro se, testified that following the 1993 audit , money was owed to the State of Ohio, and that her wages were being garnished to

satisfy the amount due. She stated that she learned that she was being assessed the tax by the State in 2005. She presented a judgment from the Franklin County Court of Common Pleas, dated June 6, 2005, in favor of the State of Ohio Department of Taxation, in the amount of $149,415.02, as well as an Order of Garnishment against her, dated January 14, 2010. When asked for her interpretation of the above section of the final decree regarding tax matters, Kimberly testified, "My interpretation was, is that we had a 1993 federal tax audit, okay, and that he assumed responsibility for all the tax liabilities associated with that 1993 tax audit."

**{¶ 8}** The following exchange occurred:

**{¶ 9}** "Q. * * * At the time that you were negotiating your settlement and divorce in November [2002,] when it was read into the record, there was no issue with the Ohio tax people, was there?

**{¶ 10}** "A. No, there wasn't, because it hadn't come to that point yet. There was no issue with it because Ohio had not caught up with this federal audit yet."

**{¶ 11}** Kimberly admitted that the federal tax deficiency had been paid.

**{¶ 12}** David identified a Decision from the United States Tax Court, dated January 27, 2003, which indicates a deficiency in income tax due to the IRS, for the year 1993, in the amount of $274,000.00. David also identified a March 15, 2005 notice from the Ohio Department of Taxation showing an amount due of $126,615.00. The notice provides that the parties' joint Ohio income tax return was being adjusted due to information received from the IRS regarding their 1993 Ohio Individual Income Tax Return. Specifically, the parties' income on the Ohio return was being corrected to reflect the amount determined to

be appropriate by the federal tax audit. The attached corrections form shows that for 1993, the parties' federal adjusted gross income, "as filed," was $17,674.00. The form further shows that their federal adjusted gross income, "as corrected," was $991,072.00, resulting in the amount due of $126,615.00. According to David, there was no discussion or agreement at the time of his divorce regarding the payment of taxes to the State of Ohio for 1993.

{¶ 13} In finding in favor of Kimberly, the Magistrate determined that the "plain language of the first sentence of the tax provision states [David] shall assume responsibility for all of the taxes associated with the 1993 tax audit." The Magistrate noted that she reviewed the transcript of the parties' settlement hearing, and that the parties agreed that David would hold Kimberly blameless and harmless for any taxes, interest and penalties associated with the 1993 tax audit. According to the Magistrate, the "only parameter established is that [David] was to pay the federal government within three years." It was further significant to the Magistrate that the March 15, 2005 notice from the Ohio Department of Taxation provides that the parties' 1993 State of Ohio tax return was adjusted pursuant to the information which was associated with and arose from the 1993 Federal Tax Audit.

{¶ 14} Accordingly, the Magistrate recommended that the court find David in contempt "for his willful failure to pay the taxes as Ordered" and sentence him to 30 days. Since it was David's first finding of contempt, the Magistrate recommended that the court suspend his sentence on the condition that he reimburse Kimberly "for all the monies she has paid to the State of Ohio Department of Taxation," which was $2,250.00 through July 26, 2010, the date of the hearing on her motion. A further condition was that David contact

the State of Ohio Department of Taxation to structure repayment of the tax deficiency. The Magistrate recommended that David pay Kimberly the sum of $450.00 a month until the tax obligation "is either redirected or satisfied in full." David filed objections, as well as supplemental objections, and the trial court adopted the Magistrate's decision and set sentencing for February 9, 2011. David's appellate brief provides that he requested a stay in the trial court pending appeal, which was granted.

{¶ 15} On March 9, 2011, this Court ordered David to show cause why the instant appeal should not be dismissed for lack of a final appealable order, noting that the mere finding of contempt, without the imposition of a sanction, is not final. David filed a response, arguing that the Magistrate in her order, adopted by the trial court, recommended a finding of contempt and also imposed a 30 day sentence that could be suspended conditionally. David further asserted that the sentencing hearing was solely for the purpose of ordering execution of the 30 day sentence. On April 22, 2011, this court deemed its March 9, 2011, show-cause order satisfied.

{¶ 16} David asserts one assigned error herein as follows:

{¶ 17} "THE TRIAL COURT ERRED IN FINDING APPELLANT IN CONTEMPT."

{¶ 18} "Civil contempt is characterized by a conditional sentence or fine that can be avoided by compliance. (Citation omitted). * * *

{¶ 19} "A finding of civil contempt requires clear and convincing evidence of non-compliance with the court's order. (Citations omitted)." *Baird v. Byrd*, Montgomery App. No. 19808, 2003-Ohio-6252, ¶ 15-16. "'Clear and convincing evidence' is a degree

of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases. * * * 'Clear and convincing evidence' is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. (Citation omitted)." *Davis v. Davis*, Clark App. No. 06-CA-17, 2007-Ohio-322, ¶ 27.

{¶ 20} "When interpreting a divorce decree that incorporates the parties' separation agreement, as does the decree involved in the present case, the normal rules of contract interpretation generally apply to ascertain the meaning of its language. (Citation omitted). Because the construction of a written contract is a matter of law, the same is reviewed without deference to the trial court's determination. (Citation omitted).

{¶ 21} "When construing contract language, the principal goal is to effectuate the parties' intent. (Citations omitted). 'The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement.' (Citation omitted)." *Wallace v. Wallace,* Greene App. No. 2006 CA 136, 2008-Ohio-205, ¶ 12-13. "[W]hen the parties' agreement is integrated into an unambiguous written contract, courts should give effect to the plain meaning of the parties' expressed intentions." Id., ¶ 13.

{¶ 22} We agree with the trial court's construction of the language of the Final Judgment and Decree of Divorce as it required David to "assume responsibility for the payment of *all* of the taxes, interest and penalties *associated*" with the 1993 tax audit. The notice and corrections form from the Ohio Department of Taxation indicates that the parties' income tax return was adjusted based upon the information received from the IRS for the 1993 calendar year. While David asserts in his brief that there was no discussion or

agreement regarding state taxes, at the time of their final hearing, the IRS had not determined the parties' corrected income for 1993. As Kimberly asserts in her brief, once the parties' adjusted gross income was increased from $17,674.00 to $991,072.00, logic dictates that there would be additional state, and not just federal, taxes to pay. As the Magistrate noted, the language in the parties' decree is consistent with the transcript of the parties' final hearing, namely that David will pay "all" of the taxes associated with the 1993 audit when they become due and hold Kimberly blameless and harmless. David was represented by counsel at the parties' final hearing, and if the parties' agreement was that he would only be liable for the federal taxes for 1993, such language could have been included in the decree. The decree does not limit David's liability solely to federal taxes, and we agree with the Magistrate that the only specific parameter regarding the payment of all of the taxes is that all of the federal taxes were to be paid within three years. The very fact that the decree requires David to pay "all" taxes, and then distinguishes repayment of the higher federal taxes over three years, supports Kimberly's assertion that the decree contemplates more than federal taxes alone.

{¶ 23} Based upon the foregoing, we conclude that the trial court did not err in finding David in contempt for failing to pay the state taxes. David's sole assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Richard Hempfling
Jennifer L. Brogan

Kirstie N. Young
Hon. Steven L. Hurley