[Cite as *Panayirci v. Panayirci*, 2014-Ohio-1862.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

SHARON L. PANAYIRCI nka REED     :

     Plaintiff-Appellee           : C.A. CASE NO.   25857

v.                                 : T.C. NO.   06DR610

MEHMET V. PANAYIRCI        :   (Civil appeal from Common
                                      Pleas Court, Domestic Relations)

     Defendant-Appellant      :

                                      :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   2nd   day of     May    , 2014.

. . . . . . . . . .

MARK EDWARD STONE, Atty. Reg. No. 0024486, 3836 Dayton-Xenia Road, Beavercreek, Ohio 45432
      Attorney for Plaintiff-Appellee

JAMES R. KIRKLAND, Atty. Reg. No. 0009731, 130 W. Second Street, Suite 840, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**   This matter is before the Court on the Notice of Appeal of Mehmet

Panayirci, filed August 6, 2013. Panayirci appeals from the July 9, 2013 Decision and Judgment of the domestic relations court that overruled his motion and amended motion to find Sharon Reed, Panayirci's former wife, in contempt of court for violating the terms of the parties' final divorce decree. We hereby affirm the judgment of the trial court.

{¶ 2} The record reflects that the parties were married on March 1, 1985, in Fairborn, Ohio, and that Reed filed a complaint for divorce on May 25, 2006. The parties' May 8, 2008 Final Decree and Judgment of Divorce, which incorporated their agreement and was read into the record by counsel for Panayirci, provides in relevant part:

* * *

**REAL ESTATE.**

IT IS THEREFORE ORDERED, ADJUDGED AND DECREE[D] that the parties have real estate located at 9259 Artz Road, New Carlisle, Ohio 45344, 9297 Artz Road, New Carlisle, Ohio, 9201 Artz Road, New Carlisle, Ohio, and 4365 Lisa Drive, Tipp City, Ohio 45371. All properties are listed for sale. Out of the net proceeds from the sale as defined herein the Plaintiff shall receive $1,000,000.00 subject to the following terms. The Lisa Drive property has been sold. The sum remaining is $264,000.00 in said escrow account. Plaintiff shall receive $164,000.00 towards her $1,000,000.00 award subject to the following terms. The remaining $100,000.00 of the escrow account shall be available to pay the following; mortgage, insurance, real estate taxes, any realtor ordered repairs which would include the broken pipes and any other repairs at one of the residence

(sic) and all closing costs prior to the sale of any of the four properties. The $100,000.00 from the Lisa Drive property shall be available to pay these expenses.

The one-half costs of the above defined expenses shall be a deduction from the $1,000,000.00 award to the Plaintiff. Any monies left over from the $100,000.00 escrow held on the Lisa Drive property, not used if all properties are sold, shall be equally divided between the parties or applied to the Plaintiff's award. Should the $100,000.00 prior to the sale of all properties being sold not cover the mortgage, insurance, real estate taxes and any realtor required repairs and all closing costs shall (sic) be a joint expense of the parties and would be a further reduction with 50% of that cost charged to the Plaintiff and deducted from the $1,000,000.00 award. The parties shall cooperate with the realtor. When any of the properties sell the Plaintiff shall be entitled to the proceeds of said property subject to the $1,000,000.00 award less the expenses stated herein.   * * *

After one year from March 25, 2008 if the properties are not sold or if there is still a sum remaining for the $1,000,000.00 award less the expenses as stated herein the Defendant shall endeavor to refinance his ownership of the Technology Blvd. property to pay the difference necessary to equal the $1,000,000.00 award less the expenses stated. Defendant shall have 90 days after the one year in which to do the refinancing from March 25, 2008. The Court shall keep continuing jurisdiction of this real estate property settlement

4

matter subject to unforeseen circumstances dealing with the real estate market, money markets, and any other incidents or events which would affect the ability to sell or obtain funds which cannot be reasonably anticipated. Plaintiff's receipt of the $164,000.00 shall be a reduction from the $1,000,000.00 award subject to the expenses mentioned herein.

IT IS FURTHER ORDERED AND AGREED that the Defendant shall be the owner of the property located at 7900 Technology Blvd., Huber Heights, Ohio. * * * Defendant shall be responsible for the mortgage, taxes, and interest associated with the property located at 7900 Technology Blvd., Huber Heights, Ohio, indemnifying and saving the Plaintiff harmless including the insurance thereon.

{¶ 3}   On June 9, 2011, Panayirci filed a motion requesting payment of money for expenses arising from the sale of 9297 Artz Road.   His motion provides as follows:

1.   Defendant requests that from the sale of the property located at 9297 Artz Road, New Carlisle, Ohio 45344 he receive from the Plaintiff's share one-half of the expenses he has paid on all of the properties per the Final Decree and Judgment of Divorce being $45,709.68.

2.   Defendant requests that there be monies held in escrow from the sums going to the Plaintiff for her to pay one-half of the expenses which she has not paid since 2006 which the Defendant has paid faithfully following the realtor's directions.   Further, the Defendant has paid the expenses for all the properties in accordance with the terms of the Final Decree and Judgment of

Divorce.

{¶ 4}    On September 26, 2011, after a hearing, an Agreed Order was issued, signed by the parties that provides that Reed "shall be paid $203,574.84 from the sale of the  real property located at 9297 Artz Road, New Carlisle, Ohio 43544, after deduction of $45,709.68 for her share of their expenses related to the parties' properties through April 30, 2011 which $45,709.68 shall be paid to the defendant."

{¶ 5}    On November 1, 2011, Panayirci filed a "Motion for Contempt" in which he asserted that he "has not received any of the monies due for the cost of the mortgages and expenses regarding the parties' properties per their Final Decree and Judgment of Divorce." On December 22, 2011, Reed filed a "Motion to Clarify Expenses Pursuant to the Final Judgment and Decree of Divorce; Motion for Attorney Fees; Notice and Order to Appear; Notice of Hearing."   On March 8, 2012, Panayirci filed an "Amended Motion for Contempt," in which he asserted that Reed "has failed to pay to the Defendant expenses for the marital properties per the parties['] Final Decree and Judgment of Divorce from the period of May 1, 2011 to February 29, 2012 being her one-half sum of $27,425.20."

{¶ 6}    The Magistrate issued a decision on September 4, 2012, after a hearing. The Magistrate determined in part that the "terms of the decree are confusing as to the payment of the expenses on the real estate.  The defendant has paid the expenses on 7900 Technology Boulevard; however, there is a question as to whether the court ordered the expenses to be paid as they are incurred or when the properties were sold."   The Magistrate noted that it "further appears that both parties are using two of the properties, and the decree is silent as to these arrangements.  The defendant is residing at 9259 Artz Road, and the

plaintiff is using the property at 9201 Artz Road." The Magistrate concluded that it "appears to be fair and equitable that the plaintiff be responsible for any expenses related to the property at 9201 Artz Road and that the defendant be responsible for any expenses and repairs related to the property at 9259 Artz Road from the time of the divorce until the property is sold." The magistrate determined that the parties "shall equally share the expenses and repairs on any other properties not yet sold, except 7900 Technology Boulevard, to be paid when the properties are sold."

**{¶ 7}** Panayirci filed objections on September 18, 2012. He asserted in relevant part as follows:

* * *

2. Defendant states that he objects to the finding on the real estate, finding expenses on the properties are to be paid at the closing. In the Final Decree and Judgment of Divorce under the real estate it clearly states expenses of the properties will be paid by the party (sic). Those have to be paid as they come. Monthly mortgage, utilities, maintenance, yard, and trimming all have to be paid. Each party is to pay and there is nothing stating the expenses are linked to a sale.

Panayirci further asserted that the Magistrate's order requiring Reed to pay the expenses at 9201 Artz Road and Panayirci to pay the expenses at 9259 Artz Road "is a modification of the agreement which is outside the bounds of the agreement. Further, the Magistrate's Decision discusses expenses and repairs. Does expenses include the mortgages? He just states expenses and repairs." On January 16, 2013, Panayirci filed supplemental objections.

{¶ 8} On February 19, 2013, Reed filed "Plaintiff's Memorandum in Opposition to Defendant's Objections." Therein she asserted that the Final Decree "envisions Defendant paying 100% of the expenses as they are incurred, and also envisions Plaintiff reimbursing Defendant for Plaintiff's 50% share of those expenses by having Plaintiff's 50% share 'deducted from the $1,000,000.00 award' that the Final Decree entitles Plaintiff to receive from the proceeds from the sale of the real estate or otherwise from Defendant." Reed further asserted that, since Panayirci has been residing at 9259 Artz Road, "the order requiring Defendant to pay all of the expenses related to the property at 9259 Artz Road is authorized by the 'continuing jurisdiction' language" in the Final Decree. On February 26, 2013, Panayirci filed a reply.

{¶ 9} In its Decision and Judgment, the domestic relations court noted that it conducted an independent review, and that the "primary issue before the Court relates to the payment of enumerated expenses incurred in the process of selling each parcel of land." The court determined as follows:

The Court has reviewed the language of the REAL ESTATE section of the final decree. The plain reading of the decree reflects that plaintiff is entitled to receive $1,000,000.00 from the sale of four (4) parcels of marital properties. The proceeds from the sales are subject to a share of expenses which include "mortgage, insurance, real estate taxes, any realtor ordered repairs . . . , and any other repairs at one of the residences and all closing costs prior to the sale of any of the four properties." At the time of their

divorce, one property had been sold from which plaintiff received $164,000.00 towards the $1,000,000.00 award. An additional $100,000.00 from the sale of that property was placed in escrow to offset the above enumerated expenses for the sale of the remaining properties.

If after one year from March 25, 2008 the properties were not sold, defendant "shall endeavor to refinance his ownership of the Technology Blvd. property to pay the differences necessary to equal the $1,000,000.00 award less the expenses stated."

The court finds no ambiguity in this language. At the time the properties are sold, the above referenced expenses are tabulated and divided between the parties. Any resultant profit or loss would be credited towards plaintiff's $1,000,000.00 award.

The evidence presented at trial supports the argument that defendant had made reasonable efforts to refinance the Technology Blvd. property but was unable to secure the loan. * * *

The Court finds defendant's argument that all expenses are to be shared as they occur is not supported by the plain language of the divorce decree. Those expenses are to be tabulated and resolved at the time each property is sold.

Defendant's objections to the Magistrate's Decision and Permanent Order filed September 4, 2012 are without merit and are overruled.

{¶ 10} The court ordered as follows:

1. Plaintiff's motion to find defendant in contempt filed December 22, 2011 is overruled in its entirety.

2. Defendant's motion filed November 1, 2011 and amended March 8, 2012, is denied in its entirety.

3. Plaintiff shall be responsible for any expenses related to the property at 9201 Artz Road and the defendant shall be responsible for any expenses and repairs to the property at 9259 Artz Road from the time of the divorce until the property is sold. The parties shall equally share the expenses and repairs on any other properties not yet sold, except for 7900 Technology Boulevard, to be paid when the properties are sold.

\* \* \*

**{¶ 11}** Panayirci asserts three assignments of error herein. We will consider his first and third assigned errors together. They are as follows:

"THE TRIAL COURT'S DECISION IS CONTRARY TO THE BASIC, STRAIGHTFORWARD LANGUAGE OF THE FINAL JUDGMENT AND DECREE OF DIVORCE FILED MAY 8, 2008."

And,

"THE COURT FAILED TO HOLD APPELLEE LIABLE FOR EXPENSES REGARDING ALL THE PROPERTIES NOT YET SOLD, WHICH INCLUDED THE MOTIONS OF 11/1/11 AND 3/8/12. THE EXPENSES INCLUDED ARE FROM 5/1/11-2/12/12, FOR A TOTAL IN EXCESS OF $27,425.20."

**{¶ 12}** As this Court has previously determined:

"When interpreting a divorce decree that incorporates the parties' separation agreement, as does the decree involved in the present case, the normal rules of contract interpretation generally apply to ascertain the meaning of its language. (Citation omitted). Because the construction of a written contract is a matter of law, the same is reviewed without deference to the trial court's determination. (Citation omitted).

"When construing contract language, the principal goal is to effectuate the parties' intent. (Citations omitted). 'The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement.' (Citation omitted)." *Wallace v. Wallace*, Greene App. No.2006 CA 136, 2008-Ohio-205, ¶ 12-13. "[W]hen the parties' agreement is integrated into an unambiguous written contract, courts should give effect to the plain meaning of the parties' expressed intentions." *Id*., ¶ 13. *Meyers v. Meyers*, 2d Dist. Greene No. 2011 CA 9, 2011-Ohio-5968, ¶ 20-21.

"An ambiguity exists when a provision in an order or decree is reasonably susceptible of more than one meaning." *McKinney v. McKinney*, 142 Ohio App. 3d 604, 609, 756 N.E.2d 694 (2d Dist. 2001).

{¶ 13} We agree with the trial court's determination that the parties' final decree lacks ambiguity, and that it is susceptible to one interpretation, namely that Reed's share of the expenses associated with the properties until they are sold is to be deducted from her award of $1,000,000.00. The decree provides, after addressing the $100,000.00 in escrow, that the "one-half costs of the above defined expenses *shall be a deduction* from the

$1,000,000.00 award to the Plaintiff." In other words, Reed's $50,000.00 share of the amount in escrow from the sale of the property was charged against her award to pay for expenses. Since the $100,000.00 was exhausted prior to the sale of the two remaining properties, the ongoing "mortgage, insurance, real estate taxes and any realtor required repairs and all closing costs" are to be equally shared by the parties, and as to Reed, by means of "a *further reduction* with 50% of that cost charged to the Plaintiff *and deducted from* the $1,000,000.00 award." The decree further provides that "[w]hen any of the properties sell the Plaintiff shall be entitled to the proceeds of said property subject to the $1,000,000.00 award *less the expenses stated herein*." Accordingly, the decree is clear that Reed is to receive the proceeds from the sales of the properties up to the amount of her award minus her share of the enumerated expenses. This interpretation is consistent with Panayirci's assertion in his June 9, 2011 motion that he "has paid the expenses for all the properties in accordance with the terms of the Final Decree and Judgment of Divorce." To interpret the decree as Panayirci suggests would render the repetitive language that Reed's share of the expenses is charged to her, and deducted from her award, meaningless.

{¶ 14} There being no merit to Panayici's first and third assigned errors, they are overruled.

{¶ 15} Panayirci's second assigned error is as follows:

THE COURT VIOLATED THE PLAIN LANGUAGE OF THE FINAL JUDGMENT AND DECREE OF DIVORCE WHEN IT ORDERED THAT APPELLEE SHALL BE RESPONSIBLE FOR THE EXPENSES AT 9201 ARTZ ROAD AND APPELLANT SHALL BE RESPONSIBLE FOR

EXPENSES AT 9259 ARTZ ROAD FROM THE TIME OF DIVORCE UNTIL THE PROPERTY IS SOLD.

{¶ 16}     We cannot conclude that the trial court violated the terms of the parties' Final Decree by requiring Reed to pay the expenses at 9201 Artz Road until it is sold, and Panayirci to continue to pay the expenses at 9259 Artz Road, until it is sold, with both parties' expenses to be tabulated and divided between the parties at the time each property is sold.   The decree provides: "The Court shall keep continuing jurisdiction of this real estate property settlement matter subject to unforeseen circumstances dealing with the real estate market, money markets, and any other incidents or events which would affect the ability to sell or obtain funds which cannot be reasonably anticipated."   The parties have been unable to sell the two remaining properties.   Reed is using the property at 9201 Artz Road, and Panyirci is residing at the property at 9259 Artz Road.   We note that Panayirci's obligation to pay the expenses at 9259 Artz Road remains unchanged, pursuant to the plain language of the final decree.

{¶ 17}     Panayirci's second assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Mark Edward Stone
James R. Kirkland
Hon. Denise L. Cross